UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11-CV-542-SNLJ/DDN |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This action is before the court upon the petition of Missouri state prisoner Leroy Simmons for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

**I. BACKGROUND**

On December 1, 2005, a jury in the Circuit Court of St. Louis City found petitioner guilty of three counts of first degree child molestation (Counts 1, 2, and 6), three counts of second degree child molestation (Counts 14, 16, and 18), two counts of first degree statutory rape (Counts 3 and 7), one count of second degree statutory rape (Count 13), three counts of first degree statutory sodomy (4, 5, and 8), eight counts of second degree statutory sodomy (Counts 9, 10, 11, 12, 15, 17, 19, and 20), one count of child abuse (Count 21), one count of victim tampering (Count 22), and one count of furnishing pornography to a minor (Count 23). (Doc. 7, Ex. A at 76-98.)

On February 10, 2006, the circuit court sentenced petitioner to fifteen years imprisonment each for two counts of first degree child molestation and twenty years imprisonment for one count of first degree statutory rape and ordered those sentences to run consecutively. (Id. at 114-15.) For the remaining counts, the circuit court ordered the sentences to run concurrently with the aforementioned sentences. (Id. at 116-126.)

On September 18, 2007, the Missouri Court of Appeals reversed the judgment on the Count 17 second degree statutory sodomy on direct appeal, but affirmed the judgment on all other counts. (Id., Ex. F); State v. Simmons, 233 S.W.3d 235 (Mo. Ct. App. 2007).

On November 27, 2007, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Doc 7, Ex. D, at 3-8.) On May 23, 2008, petitioner filed in the circuit court an amended motion for post-conviction relief. (Id. at 12-36.) The circuit court vacated petitioner's convictions for the Count 5 first degree statutory sodomy and for Counts 12 and 20 second degree statutory sodomy, because the state confessed that the evidence presented at trial did not support these convictions, but the circuit court otherwise denied the motion on September 19, 2008. (Id. at 38-42.) On October 12, 2010, the Missouri Court of Appeals affirmed the circuit court's denial of the motion. (Id., Ex. F (Memorandum Supplementing Order)); Simmons v. State, 323 S.W.3d 82 (Mo. Ct. App. 2010) (Summary Order).

On March 18, 2011, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

## II. PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

In petitioner's sole ground for relief in this habeas action, he alleges constitutionally ineffective assistance of counsel for failure to challenge on direct appeal the sufficiency of the evidence for either of the guilty verdicts rendered on Counts XI and XIX, both counts of second degree statutory sodomy.

In his amended Rule 29.15 motion for post-conviction relief, petitioner raised this ground by arguing that his appellate counsel failed to challenge the sufficiency of evidence to support the guilty verdicts rendered for two of the counts of second degree statutory sodomy. (Doc. 7, Ex. D at 15-22.) The circuit court denied relief on this ground. (Id. at 40-41.) Petitioner appealed, and the Missouri Court of Appeals affirmed. (Id., Ex F.) No procedural bar is raised for this ground.

Respondent contends that this ground is moot and without merit.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to clearly" established law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citation omitted). This standard is "difficult to meet" because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

## IV. DISCUSSION

### A. Mootness

Respondent argues that petitioner's sole ground for habeas relief is moot. Respondent notes petitioner's nineteen remaining convictions, five remaining convictions for second degree statutory sodomy, and the sentences imposed by the trial court and argues that even if the court granted habeas relief, petitioner receives no benefit.

A habeas petition is moot if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. Sibron v. New York, 392 U.S. 40, 57 (1968). Examples of collateral legal consequences

include sentencing under repeat offender sentencing schemes, parole consideration, and impeachment at trial. United States v. Belt, 516 F.2d 873, 876 (8th Cir. 1975).

Although respondent argues somewhat persuasively that it is unlikely petitioner will suffer collateral legal consequences from the challenged convictions on Counts 11 and 19, respondent fails to demonstrate that **no** possibility exists. The Supreme Court has indicated that even a remote possibility suffices for purposes of justiciability. Benton v. Maryland, 395 U.S. 784, 790-91 (1969). In Belt, the Eighth Circuit chose to consider the appellant's claims after declaring its inability to find "no possibility of undesirable collateral consequences attendant upon [the] convictions." 516 F.2d at 876.

Because the undersigned is unable to say that no possible undesirable collateral consequences could result from the Count XI or the Count XIX convictions, the undersigned has considered petitioner's claim on its merits.

**B. Ineffective Assistance of Counsel**

Petitioner claims constitutionally ineffective assistance of counsel for failure to challenge the sufficiency of the evidence for either of the guilty verdicts rendered on the two counts of second degree statutory sodomy. At trial, the jury convicted petitioner of eight counts of second degree statutory sodomy, but the state appellate court reversed or vacated three counts. The jury instructions for each of the five remaining counts are identical, except for the description of the particular conduct. Specifically, petitioner takes issue with two counts, referred to at the trial level as Counts XI and XIX, with identically phrased jury instructions, including the description of particular conduct.

The text of the Count XI jury instruction follows:

INSTRUCTION NO. 15

As to Count XI, if you find and believe from the evidence beyond a reasonable doubt:
First, that between September 26, 2003 through February 22, 2004, at 3298 Gravois, in the City of St. Louis, State of Missouri, [petitioner] touched the vagina of [the victim] with his hand, and
Second, that such conduct constituted deviate sexual intercourse, and
Third, that at that time [the victim] was less than seventeen years of age, and
Fourth, that at that time [petitioner] was twenty-one years of age or older,
then you will find [petitioner] guilty under Count XI of statutory sodomy in the second degree unless you find and believe from the evidence that it is more probably true than not true that [petitioner] believed that [the victim] was seventeen years of age or older.

> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [petitioner] not guilty of that offense.

(Doc. 7, Ex. A. at 57.) Except for the instruction and count numbers, the Count XIX reads identically. (Id. at 65.)

Petitioner concedes that sufficient evidence supports conviction under either Count XI or Count XIX. However, he argues that evidence does not support conviction under both counts because of the lack of proof that petitioner "touched the vagina of [the victim] with his hand" on more than one occasion. The relevant portion of the direct examination of the victim by the prosecution follows:

> Q: Now, after Hebert, where did you move?
>
> A: To Gravois.
>
> Q: And do you recall how long were living on Gravois?
>
> A: We was living there for about a year and a half probably.
>
> Q: Now, when you were living on Gravois, was there anything [petitioner] did to you that you didn't like?
>
> A: Yeah, the sexual intercourse, the ejaculation on my body and me having to suck on his penis.
>
> Q: Okay. Now, again, I'm sorry to have to ask you this. I need you to be specific with respect to some of these things. Now, you talked about sexual intercourse. How would that happen? Where would that happen?
>
> A: Mostly in my room.
>
> Q: And how often was it happening when you were living on Gravois?
>
> A: Like twice, three times a week.
>
> * * *
>
> Q: Now, you were talking about him feeling on you, putting his hands on your breasts. What other kinds of things did he do to you?
>
> A: Put his penis in my butt and him stick his fingers in my vagina.

(Id., Ex G at 352-55.)

Petitioner argues that his counsel provided constitutionally ineffective assistance by failing to raise the insufficiency of evidence argument on direct appeal. In Strickland v.

Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. Under Strickland, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

State habeas petitioners must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioners must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690–91.

Second, petitioners must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show prejudice, petitioners must establish that counsel's professionally deficient performance rendered the outcome of the proceeding unreliable or fundamentally unfair. Id. at 687; Lockhart v. Fretwell, 506 U.S. 364, 369–370 (1993). The prejudice must not be simply a "possibility" but an "actual and substantial disadvantage, infecting [petitioner's] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Petitioner filed his amended Rule 29.15 motion with a request for an evidentiary hearing, which the trial court granted. (Doc. 7, Ex. D at 35-37.) At the evidentiary hearing, petitioner's direct appeal counsel testified, stating that she thoroughly reviewed his trial record before filing an appellate brief. (Id., Ex. E at 18.) She also testified that she disagreed with petitioner regarding the sufficiency of the evidence for Counts XI and XIX and did not appeal on those grounds. (Id. at 19.) She further testified that the victim's single description of the conduct charged in both Counts XI and XIX in addition to the testimony that various sexual acts occurred weekly for over a year at the Gravois address led her to believe that the sufficiency of evidence argument was without merit. (Id. at 19-20.)

On appeal of the trial court's Rule 29.15 motion ruling, the state appellate court reviewed the conduct of petitioner's counsel on direct appeal and found that petitioner did not show that "counsel failed to a raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted the claim." (Id., Ex. F.)

The undersigned agrees. As stated above, counsel's strategic decisions are virtually unchallengeable. Petitioner's direct appeal counsel testified that she thoroughly reviewed the trial record and decided not to appeal Counts 11 and 19 on grounds of insufficient evidence because she did not believe the argument had merit. The court finds no unreasonable application of federal law.

Accordingly, petitioner's sole ground for habeas relief is without merit.

### V. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Leroy Simmons for a writ of habeas corpus (Doc. 1) be denied.

The parties are advised that they have 14 days to file written objections to the Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 14, 2013.